IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WILLIAM J. HAMILTON                                                                                          PLAINTIFF

vs.                                               Civil No. 6:13-cv-06124

CAROLYN W. COLVIN                                                                                         DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

William J. Hamilton ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 8.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed his disability applications on May 24, 2011.  (Tr. 12, 120-127). In these applications, Plaintiff alleges being disabled due to diabetes, high blood pressure, vision problems, leg pain, and memory problems.  (Tr. 180).  Plaintiff alleges an onset date of January 1, 2008.  (Tr. 12, 120).  These applications were denied initially and again upon reconsideration.  (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

49-52).

Thereafter, on May 21, 2012, the ALJ held an administrative hearing on Plaintiff's applications. (Tr. 23-48). At this hearing, Plaintiff was present and was represented by counsel, Mr. Charles Padgham. *Id.* Plaintiff and Vocational Expert ("VE") Mr. Hindry[2] testified at the hearing in this matter. *Id.* At this hearing, Plaintiff testified he was sixty (60) years old, which is defined as a "person of advanced age." *See* 20 C.F.R. § 416.963(e) (2008) (SSI) and 20 C.F.R. § 404.1563(e) (2008) (DIB). (Tr. 27). Plaintiff also testified he only completed the eighth grade in school. (Tr. 29).

After that hearing, on August 17, 2012, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 9-19). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 14, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 1, 2011, his amended alleged onset date. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the following severe impairments: hypertension and diabetes. (Tr. 14-16, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr.16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 16-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform a wide range of medium work:

---

[2] Mr. Hildry's first name was not included in the transcript. (Tr. 23).

2

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a wide range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c). The residual functional capacity produced by the medically determinable impairments permits the claimant to lift and/or carry 50 pounds occasionally and 25 pounds frequently, stand/walk/sit for 6 hours of an 8-hour workday, and unlimited push/pull (including operation of hand/foot controls). He could perform postural functions at least frequently.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). The VE testified at the administrative hearing regarding this issue. (Tr. 18). Based upon that testimony, the ALJ determined Plaintiff's PRW included work as a "truck driver of sand and gravel" (medium, unskilled), "tractor trailer truck driver" (medium, semiskilled), and "egg room worker" (medium, semiskilled). *Id.* The VE also testified, considering Plaintiff's RFC, Plaintiff retained the capacity to perform this PRW. *Id.* The ALJ adopted this testimony. *Id.* Because Plaintiff retained the capacity to perform his PRW, the ALJ determined Plaintiff was not disabled, as defined by the Act, from January 1, 2008 through the date of his decision or through August 17, 2012. (Tr. 19, Finding 7).

On August 23, 2012, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7). On October 10, 2013, the Appeals Council denied that request. (Tr. 1-3). Plaintiff appealed the ALJ's decision on November 1, 2013. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 21, 2013. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff claims the following: (A) the ALJ erred when he found his allegations were "not totally credible"; (B) the ALJ erred when he found he could perform other work existing in significant numbers in the national economy; and (C) the ALJ erred he found Plaintiff retained the RFC to perform a full range of medium work.  ECF No. 11 at 3-9.

The Court has considered these arguments.  Upon review, Plaintiff has not provided any substantive briefing for any of his arguments.  For all three arguments, Plaintiff merely makes broad, cursory claims that are not fully briefed.  For instance, Plaintiff claims (without support) that "the Administrative Law Judge's decision appears to have given diminished weight to the statements made by the claimant, the claimant's treating physicians, the claimant's prior work record, the medical evidence the Plaintiff was able to provide, and the testimony of the Plaintiff relating to the

frequency, duration and intensity of the pain he experiences. . . ." ECF No. 11 at 6.

Because Plaintiff did not brief these issues or provide any substantive argument related to them, the Court need not address them further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (holding "we reject out of hand Vandenboom's conclusory assertion that the ALJ failed to consider whether he met listings 12.02 or 12.05C because Vandenboom provides no analysis of the relevant law or facts regarding these listings").

Further, despite the fact these issues were not fully briefed, the Court has reviewed the transcript in this case, including Plaintiff's medical records. Upon review, the Court finds Plaintiff's medical records also do not support his alleged disability. For example, a July 9, 2011 consultative examination performed by Dr. Jeremy Kokkomen, M.D. supports the ALJ's finding that Plaintiff is not disabled. (Tr. 305-307). Importantly, Dr. Kokkomen found Plaintiff was not disabled and "should be able to sit, walk and/or stand for a full workday, lift/carry objects *without limitations*, hold a conversation, respond appropriately to questions, carry out and remember instructions." (Tr. 307) (emphasis added).

Likewise, Plaintiff's treatment records demonstrate that although he suffers from uncontrolled diabetes and hypertension, it appears these impairments are likely "uncontrolled" because Plaintiff is not receiving treatment or medication for them. *See, e.g.,* Tr. 338 (Plaintiff was not taking medication, and the doctor stated he would need "insulin soon"). It is well-settled in the Eighth Circuit that impairments which can be controlled with medication are not considered disabling. *See Renstrom v. Astrue,* 680 F.3d 1057, 1066 (8th Cir. 2012) (citation omitted).

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 23rd day of December 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE